## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Plaintiff,<br><br>v.<br><br>HON. DAVID J. KAPPOS,<br>    Under Secretary of Commerce for<br>    Intellectual Property & Director of the<br>    United States Patent & Trademark Office,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 10-2031 (ABJ) |

## DEFENDANT'S MOTION TO DISMISS FOR
## LACK OF SUBJECT-MATTER JURISDICTION

Defendant, David J. Kappos, Undersecretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("USPTO"), hereby moves under Fed. R. Civ. P. 12(b)(1) to dismiss this case for lack of subject matter jurisdiction. A memorandum of points and authorities and a proposed order accompany this motion.

Plaintiff, The Regents of the University of California ("Regents") appeals to this Court – purportedly under §§ 145 and 306 of the Patent Act, 35 U.S.C. § 145 and 306 – an adverse decision of the USPTO's Board of Patent Appeals and Interferences ("Board"). But under § 145 of the Patent Act, only a patent *applicant* may appeal to this Court a decision of the USPTO's Board, issued under 35 U.S.C. § 134(a), rejecting a patent *application.* Here, however, Regents is a *patent owner* – not applicant – challenging an adverse decision of the Board issued under 35 U.S.C. § 134(b), in an "*ex parte* reexamination" of an already issued patent. Accordingly, § 145 cannot provide this Court with jurisdiction over this case. As clearly

set forth in § 141 of the Patent Act, 35 U.S.C. § 141, a patent owner dissatisfied with a Board

decision "in any reexamination proceeding" may appeal that decision "only to the United States

Court of Appeals for the Federal Circuit." Regents fairs no better under § 306. When read *in*

*pari materia* with §§ 141 and 145, § 306 allows a patent owner to appeal an adverse Board

decision in an ex parte reexamination proceeding only to the extent such appeal is provided for

under §§ 141 and 145 – which sections, as noted above, do not permit review by this Court.

      For the above reasons, as more fully set forth in the in the accompanying

memorandum of points and authorities, this action should be dismissed for lack of subject matter

jurisdiction.

                Respectfully submitted,

                RONALD C. MACHEN JR., D.C. Bar # 447889
                United States Attorney
                for the District of Columbia

                RUDOLPH  CONTRERAS, D.C. Bar # 434122
                Chief, Civil Division

                BY: */s/ Fred E. Haynes*
                FRED E. HAYNES, D.C. Bar #165654
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4110
                Washington, D.C. 20530
                202.514.7201
                fred.haynes@usdoj.gov

Of Counsel:

Raymond T. Chen, Solicitor
Benjamin D. M. Wood
Associate Solicitor and Special
Assistant United States Attorney
Nathan K. Kelley
Associate Solicitor
United States Patent and Trademark Office

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>HON. DAVID J. KAPPOS,<br>    Under Secretary of Commerce for<br>    Intellectual Property & Director of the<br>    United States Patent & Trademark Office,<br><br>Defendant. | Civil Action No. 10-2031 (ABJ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendant, the Honorable David J. Kappos, Undersecretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("USPTO"), hereby moves under Fed. R. Civ. P. 12(b)(1) to dismiss this case for lack of subject matter jurisdiction. Plaintiff, the Regents of the University of California ("Regents"), appeals to this Court – purportedly under 35 U.S.C. §§ 145 and 306 – an adverse decision of the USPTO's Board of Patent Appeals and Interferences ("Board"). However, under § 145 of the Patent Act, only a patent *applicant* may appeal to this Court a decision of the USPTO's Board, issued under 35 U.S.C. § 134(a), rejecting a patent *application*. This case is different. Regents is a patent owner, not applicant, and is attempting to challenge an adverse decision of the Board issued under 35 U.S.C. § 134(b), in an "*ex parte* reexamination" of an issued patent.

This Court lacks jurisdiction to hear patent-owner appeals of adverse reexamination Board decisions. The express language of section 145 itself cabins this Court's review of Board decisions to those made "under section 134(a)," and hence does not include Regents' attempted challenge of a Board decision made under section 134(b). To underscore that point, the Patent Act makes clear that "a patent owner . . . who is in *any* reexamination proceeding dissatisfied with the final decision in an appeal to the [Board] . . . may appeal the decision *only* to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141 (2010) (emphasis added). Section 306, upon which Regents also relies, is consistent with – and in any event cannot override – this clear jurisdictional statement. Accordingly, this Court lacks jurisdiction over Regents' complaint and this case must be dismissed.[1]

I.      **BACKGROUND**

        **A. Initial Examination and Appeal**

        An inventor seeking a patent must file a patent application with the USPTO. The application is, essentially, a draft patent, and contains two primary parts: a description of the invention and one or more "claims." The claims define the scope of exclusivity the patent will provide to its owner, and the patent examiner's job is to determine whether each claim satisfies certain statutory patentability requirements. 35 U.S.C § 131.

        If the examiner believes that a claim does not comply with the statutory patentability requirements, the examiner will reject the claim and issue an "office action" setting forth to the applicant the grounds for the rejection. 35 U.S.C. § 131; 37 C.F.R. § 1.104(a). In response, the

---

[1] This issue is also before this Court in another action, *Bally Gaming, Inc. v. Kappos*, Civ. No. 10-1906 (JEB). The USPTO, on June 16, 2011, filed a motion to dismiss *Bally Gaming* based, in part, on the same jurisdictional defect presented here, *i.e.*, the inapplicability of 35 U.S.C. § 145 to the review of a Board decision rendered pursuant to 35 U.S.C. § 134(b) in reexamination.

applicant may (i) amend the rejected claim to distinguish it over any prior art that the examiner

relied upon; and/or (ii) argue against the rejection. 37 C.F.R. § 1.111. The examiner will

eventually issue a "final office action" (or "final rejection") if the examiner and the applicant

cannot agree on the patentability of one or more claims. Otherwise, the examiner will "allow"

the pending claims, and the USPTO will issue a patent for the claimed invention. An applicant

can appeal the examiner's final rejection to the USPTO's Board of Patent Appeals and

Interferences (Board). Specifically, 35 U.S.C. § 134(a) provides: "An applicant for a patent, any

of whose claims has been twice rejected, may appeal . . . to the [Board] . . . ."

 An applicant who is dissatisfied with the Board's decision under section 134(a) has two

choices when it comes to appealing that decision. First, the applicant can appeal directly to the

United States Court of Appeals for the Federal Circuit under 35 U.S.C. § 141 ("An applicant

dissatisfied with the decision in an appeal to the [Board] under section 134 of this title may

appeal the decision to the United States Court of Appeals for the Federal Circuit"). 35 U.S.C. §

141. Second, and alternatively, the applicant can bring a civil action in this Court under 35

U.S.C. § 145 ("An applicant dissatisfied with the decision of the [Board] under section 134(a) of

this title may, unless appeal has been taken [under section 141], have remedy by civil action

against the Director . . . ."). 35 U.S.C. §145. The primary difference between the two forms of

judicial review is that while Federal Circuit review is strictly on the record before the Board,

district court review under section 145 allows an entity, under certain circumstances, an

opportunity to present additional evidence that was not presented to the USPTO during

administrative proceedings. *Hyatt v. Kappos*, 625 F.3d 1320, 1322 (Fed. Cir. 2010) (en banc),

*cert. granted*, No. 10-1219, 564 U.S. ___ .

This case does not involve an applicant's challenge to the USPTO's decision regarding a patent application under the statutory scheme described above. Rather, Regents is a patent owner – not a patent applicant – and this case is about the ability to challenge the USPTO's decision made during a "reexamination" of Regents patent, a process described below.

### B. Reexamination and Appeal

Reexamination is an administrative alternative to challenging the validity of an issued patent in a district court action. Through reexamination, third parties can request that the USPTO reexamine "the substantive patentability" of patent claims that the USPTO has already issued, usually on the basis of prior art that was not before the examiner during the original examination. 35 U.S.C. § 302; see also H.R. Rpt. 96-1307, at 3 (Sept. 9, 1980), reprinted in 1980 U.S.C.C.A.N. 6460, 6462.[2] If the USPTO determines that the reexamination request raises a "substantial new question of patentability," 35 U.S.C. §303(a), and orders reexamination, the subsequent proceedings are conducted between the USPTO and the patent owner under the "procedures established for initial examination" as described above. 35 U.S.C. § 305.

Reexamination can be either *ex parte*, under the provisions of 35 U.S.C. §§ 302-307, or *inter partes*, under the provisions of 35 U.S.C. §§ 311-318. The significant difference between the two is that under *inter partes* reexamination, "[e]ach time that the patent owner files a response to an action on the merits . . . the third-party requester shall have one opportunity to file written comments addressing issues raised by the action . . . or the patent owner's response." 35 U.S.C. § 314(b)(2). Another significant difference is that a third-party who requests an *inter-*

---

[2] Patent owners can also request *ex parte* reexamination, 35 U.S.C. § 302, and *ex parte* reexamination can also be ordered by the Director of the USPTO in the absence of any request, 35 U.S.C. § 303.

*partes* reexamination can appeal an examiner's decision *favorable* to patentability to the Board

under the appeal provisions described below.

As with initial examination of a patent application, Board appeals of reexaminations are

provided under section 134 of Title 35. Specifically, 35 U.S.C. § 134(b) provides for appeals to

the Board in the case of any reexamination, whether *ex parte* or *inter partes*, by the patent owner,

and 35 U.S.C. § 134(c) provides for appeals to the Board in the case only of *inter partes*

reexaminations by third-party requestors. Thus, section 134 provides, in full:

> § 134   Appeal to the Board of Patent Appeals and Interferences
>
> (a)   PATENT APPLICANT— An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the [Board], having once paid the fee for such appeal.
>
> (b)   PATENT OWNER – A patent owner in any reexamination proceeding may appeal from the final rejection of any claim by the primary examiner to the [Board], having once paid the fee for such appeal.
>
> (c)   THIRD-PARTY – A third-party requester in an inter partes proceeding may appeal to the [Board] from the final decision of the primary examiner favorable to the patentability of any original or proposed amended or new claim of a patent, having once paid the fee for such appeal.

35 U.S.C. § 134 (2006). Where the Board issues a decision in connection with a reexamination,

it is therefore a decision under either sub-section 134(b) or sub-section 134(c).

A patent owner or third-party (in the case of an *inter partes* reexamination) who is

dissatisfied with the Board's decision has only one form of relief—direct appeal to the Federal

Circuit. Thus, 35 U.S.C. § 141 states, in relevant part:

> A patent owner, or a third-party requestor in an inter partes reexamination proceeding, who is in any reexamination proceeding dissatisfied with the final decision in an appeal to the [Board]

5

under section 134 may appeal the decision *only* to the United
States Court of Appeals for the Federal Circuit.

35 U.S.C. § 141 (2006) (emphasis added).  Likewise, 35 U.S.C. § 145 provides for review in this

Court only of Board decisions issued under subsection 134(a), i.e., those involving patent

applicants.  35 U.S.C. § 145 (2006).

## II.     ARGUMENT

### A.  The Patent Act Precludes District Court Review of
### Board Decisions in Reexamination Proceedings

The present inquiry is an exercise in statutory construction:  Whether the Patent Act

permits judicial review by the D.C. District Court, under § 145, of a Board decision that is

adverse to a patent owner in an *ex parte* reexamination.  As such, it is well established that this

"analysis must begin with the plain language" of the statute, for "when a statute speaks with

clarity to an issue, judicial inquiry into the statute's meaning in all but the most extraordinary

circumstances, is finished." *Metro. Stevedore Co. v. Rambo*, 515 U.S. 291, 294 (1995).  In doing

so "a cardinal principle of statutory construction is that we must give effect, if possible, to every

clause and word of a statute," *Williams v. Taylor*, 529 U.S. 291, 294 (1995), so as not to "render

any of the statutory text meaningless or as mere surplusage." *Duncan v. Walker*, 533 U.S. 167,

174 (2001); *see also Sharp v. United States*, 580 F.3d 1234 (Fed. Cir. 2009).

### 1.  Section 141 Expressly Limits Judicial Review of "Any" Reexamination to
### Appellate Review by the Federal Circuit

As stated above, Congress expressly provided the following in the third sentence of

section 141:

> A *patent owner . . . who is in any reexamination proceeding*
> dissatisfied with the final decision in an appeal to the [Board]
> under § 134 may appeal the decision *only* to the United States
> Court of Appeals for the Federal Circuit.

6

35 U.S.C. § 141 (2006) (emphasis added). Notably, Congress did not attempt to limit the scope of the sentence regarding patent *owners* to a *particular type* of reexamination by modifying the phrase "reexamination proceeding" with either "*ex parte*" or "*inter partes*;" to the contrary, it used the broad term "any." It is well established that "[t]he word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive." *Barseback Kraft AB v. United States*, 121 F.3d 1475, 1481 (Fed. Cir. 1997). Congress therefore, in providing this sentence in section 141, limited judicial review at the request of patent owners in *all* or *every* type of reexamination proceeding "only" to the Federal Circuit. Reading the Patent Act to permit district court review under section 145 of a reexamination decision would require reading the third sentence of section 141 out of the statute – an action obviously not permissible under well-established canons of statutory construction.

2. **Section 145 Expressly Restricts District Court Judicial Review to Those Instances in Which the Board Rendered its Decision Pursuant to § 134(a), Which Is Not This Case**

The civil-action alternative provided in section 145 is limited only to initial examination:

> An *applicant* dissatisfied with the decision of the [Board] in an appeal under *§ 134(a)* of this title may . . . have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia.

35 U.S.C. § 145 (emphasis added). Thus, section 145 does not refer to the Board's reexamination duties under sub-sections 134(b) and 134(c), but only refers to sub-section 134(a). Sub-section 134(a), in turn, authorizes only patent *applicants* who receive an adverse agency determination during examination to appeal to the BPAI. 35 U.S.C. § 134(a). Accordingly, § 145 – by its express terms – limits district-court review to patent "applicants" who earlier appealed to the Board under § 134(a), and forecloses district-court review of Board decisions in

7

all other circumstances. *See Reyes-Gaona v. North Carolina Growers Ass'n*, 250 F.3d 861, 865 (4th Cir. 2001) ("[T]he doctrine of *expressio unius est exclusion alterius* instructs that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded."); *Slatter v. U.S.*, 635 F.3d 1298 (Fed. Cir. 2011) (*en banc*) (1970 amendment to Tucker Act that listed specific Federal agencies applied only to those enumerated agencies in light of the canon *expressio unius est exclusio alterius*).

Here, Regents is a patent owner, not a patent applicant. It appealed to the Board under sub-section 134(b) – which authorizes a patent owner in any reexamination proceeding to appeal an adverse agency ruling to the Board – not under 134(a). It is clear, then, that Regents brings the present suit in violation of section 145, not pursuant to it.

### 3.  Section 306 of the Patent Act Does not Mandate an Alternative Result

#### a.  Section 306 Is Not Facially Inconsistent with the More Recently Amended Terms of §§ 141 and 145

Before discussing 35 U.S.C. § 306, identified by Regents as a possible basis for this Court's § 145 jurisdiction, a brief explanation of the timeline of the enactment of the various statutory provisions at issue in this case is helpful. Congress added the *inter partes* reexamination provisions to Title 35 in 1999, and changed the language of sections 134, 141, and 145 at the same time, when it passed the American Inventor Protection Act (AIPA). Pub. L. No. 106-113, 113 Stat. 1501A-552. Before 1999, section 134 simply stated that "[a]n applicant for a patent . . . may appeal from the decision of the primary examiner to the [Board]." 35 U.S.C.

8

§ 134 (1994). In other words, that section was not divided into subsections (a)-(c) as it is today, delineating each instance in which a particular entity was entitled to appeal to the Board.[3]

In its pre-1999 state, the Patent Act arguably authorized judicial review from all Board decisions, including reexamination decisions, in either the Federal Circuit or this District Court. Like § 134, which did not mention patent owners, § 141 stated simply that "[a]n applicant dissatisfied with the decision in an appeal to the [Board] under § 134 of this title may appeal the decision to the [Federal Circuit]." 35 U.S.C. § 141 (1997). Likewise, § 145 stated that "[a]n applicant dissatisfied with the decision of the [Board] in an appeal under § 134 of this title may . . . have remedy by civil action against the Commissioner in the [D.C. District Court]." 35 U.S.C. § 145 (1997). Despite the lack of any reference to a "patent owner" in §§ 134, 141, and 145, § 306 stated, as it still does today, that a patent owner in a reexamination "may appeal under the provisions of section 134 . . . and may seek court review under the provisions of sections 141-145 . . . ." 35 U.S.C. § 306 (1997). Under the somewhat ambiguous language of those provisions, § 145 review of a Board's reexamination decision was permitted before 1999. *Joy Techs., Inv. v. Manbeck*, 751 F.Supp. 225, 135-36 (D.D.C. 1990) (reasoning that because § 145 only uses the term "applicant" and § 306 refers to § 145, "applicant" in section 145 should include patent owners bringing 145 actions). *See also Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Ofc.*, 882 F.2d 1570, 1572 (Fed. Cir. 1989) (explaining that a patent owner can

---

[3] The various amendments to Title 35 enacted in the AIPA and relevant to this case were initially applicable only to patents issued on application filed after the AIPA's effective date. *See* AIPA, Sec. 4608(a). However, in 2002, Congress provided that those changes would thereafter be applicable to any reexamination filed after the effective date of the AIPA. *See* Pub. L. 107-273, 116 Stat. 1758, 1899-1906 (2002) (The 21st Century Department of Justice Appropriations Authorization Act of 2002). The reexamination of Regents' patent in this case was filed in 2005, Complaint ¶ 6, and is therefore subject to the various statutory amendments made by the AIPA.

appeal a reexamination decision to the Board and thereafter seek judicial review either in the

Federal Circuit, under § 141, or in a district court, under § 145).

But in 1999, Congress significantly reworked and clarified §§ 134, 141, and 145 to

remove this Court's § 145 jurisdiction over reexamination Board decisions, as discussed above in

connection with the current versions of those sections. Indeed, the amendments to both § 141

and § 145 expressly tracked the detailed changes to § 134 by tying the availability of one or the

other type of judicial review to the particular status (*e.g.*, patent applicant or patent owner) of the

entity before the Board, and the particular proceeding underlying the Board's decision. Unlike

the pre-1999 versions of these various provisions, the amended versions in place today

specifically demarcate the avenues of judicial review available to patent applicants on the one

hand, and patent owners on the other. The pre-1999 rationale of construing "applicant" in

section 145 to cover patent owners, *see Joy Techs.*, 751 F.Supp. at 236, no longer makes sense in

view of § 145's reference to sub-section 134(a), which by the explicit terms of § 134, does *not*

apply to patent owners.

Section 306 can and should be read *in pari materia* with the current versions of §§ 134,

141, and 145. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)

(holding that "[a] court must [] interpret the statute as a symmetrical whole, and fit, if possible,

all parts into a harmonious whole"). When so read, § 306 is best viewed as a statutory "cross

reference," where changes to a referenced section "propagate to other, related, sections without

rewriting all of those related sections." *Herrmann v. Cencom Cable Assoc.*, 978 F.2d 983 (7[th]

Cir. 1992). Thus, § 306 today simply provides that patent owners in *ex parte* reexamination

proceedings are entitled to whatever judicial review is available "under" the current provisions of

§§ 141 and 145. These provisions only permit *applicants* to seek District Court review of

adverse Board decisions rendered in initial examinations under § 134(a); they do not permit

patent *owners*, such as Regents, to appeal to this Court adverse Board decisions rendered in *ex*

*parte* reexaminations under § 134(b). Instead, patent owners like Regents can seek judicial

review "*only* to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141

(2006).

**b.    Any Conflict Between §§ 141/145 and § 306 Must be Resolved**
**in Favor of §§141/145.**

Because section 306 expressly references section 145 while section 141 expressly limits

judicial review so as not to include section 145, there is, as one court has put it, "tension" among

the various reexamination review provisions. *Sigram Schindler Beteiligungsgesellschaft mbH v.*

*Kappos*, 675 F.Supp.2d 629, 633 (E.D.Va 2009)[4]. Because Congress promulgated the statutory

amendments to §§ 141 and 145 that provide this interpretative result in 1999 – well after § 306's

promulgation in 1980 – in the event of any actual conflict between the provisions, it is § 306 that

must yield. *See Posades v. Nat'l City Bank*, 296 U.S. 497, 503 (1936) ("Where provisions in the

two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an

implied repeal of the earlier one."); *Harding v. Dep't. of Veterans Affairs*, 448 F.3d 1373, 1376

---

[4] *Sigram* was a challenge to 37 C.F.R. § 1.303, which identifies the older reexaminations that are still subject to section 145 challenges in light of changes made by the AIPA, and expressly provides that "no remedy by civil action under 35 U.S.C. 145 is available" for *ex parte* reexaminations filed after the relevant effective date of the AIPA. *Sigram* at 630. *Sigram* dismissed the challenge as lacking a justiciable case or controversy because the Board had not issued a final decision in the underlying reexamination when the rule was challenged. *Id.* at 641-42. *Sigram* provides a detailed discussion of the evolution of the same statutory provisions involved here. *Id.* at 630-33.

The USPTO further notes that the Board has since issued a decision in the reexamination at issue in *Sigram* and the patent owner has sought review of that decision before this Court in *Teles AG and Sigram Schindler Beteiligungsgesellschaft mbH v. Kappos*, Civ. No. 1:11-00476. The USPTO expects the jurisdictional issue presented here to be at issue in that case as well.

11

n.2 (Fed. Cir. 2006) ("To the extent that [two provisions] can be said to conflict, this is an

appropriate circumstance for the application of the ancient canon of construction *lex posterior*

*derogate legi prioriti* . . . where two statutory provisions appear to conflict, the later in time

prevails."). Thus, if this Court concludes that § 306 does conflict with the 1999 amendments to

§§ 141 and 145, the former is considered to have been repealed by implication. Such a

construction would not interfere with other *ex parte* reexamination provisions of the Patent Act,

because, as the Supreme Court held in *Posades*, only those provisions in irreconcilable conflict

are considered repealed.

CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Regents' action, and this case

should be dismissed.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

BY: */s/ Fred E. Haynes*
FRED D. HAYNES, D.C. Bar # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201
fred.haynes@usdoj.gov

Of Counsel:
Raymond T. Chen, Solicitor
Benjamin D. M. Wood, Associate Solicitor
and Special Assistant United States Attorney
Nathan K. Kelley, Associate Solicitor
United States Patent and Trademark Office

12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 10-2031 (ABJ) |
| HON. DAVID J. KAPPOS,<br>    Under Secretary of Commerce for<br>    Intellectual Property & Director of the<br>    United States Patent & Trademark Office, | ) ) ) ) |  |
|  | ) |  |
| Defendant. | ) ) |  |

### Order

Upon Consideration of Defendant's Motion to Dismiss and the entire record

herein, it is hereby **ORDERED** that Defendant's Motion is **GRANTED;** and it is further

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**  This is a

final, appealable order.

United States District Judge